UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dennis Larson Loop,                                   Civil No. 05-575 (JRT/FLN)

      Plaintiff,

      v.                                              **REPORT AND RECOMMENDATION**

United States of America,
United States Marshal's Service,
United States Marshal Russ Bankey,

      Defendants.

_____

<u>Pro Se</u> Plaintiff.
Patricia Cangemi, Assistant United States Attorney, for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 13, 2006, on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment [#32]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendants' Motion be granted.

## I.  BACKGROUND

Plaintiff alleges his civil rights were violated when his marijuana and drug paraphernalia were seized as he entered the federal courthouse in Minneapolis, Minnesota, on March 10, 2005. Plaintiff named in his Complaint the United States, the United States Marshal's Service (USMS), Deputy United States Marshal Mark Postudensek, and Russ Bankey.[1]

_____

[1]

Defendant Bankey, a Court Security Officer, moved to dismiss the Complaint for failure to state a claim under 42 U.S.C. § 1983 [#5]. This Court found that Plaintiff failed to establish that the seizure of his marijuana and paraphernalia

Plaintiff alleges that on March 10, 2005, he entered the federal courthouse to check the status of a pending case.[2]  Upon entering, he proceeded to the metal detectors in the courthouse lobby security checkpoint.  Court Security Officers ("CSOs") asked Plaintiff to empty his pockets of metal objects and Plaintiff put his "one-hitter" marijuana pipe into a plastic tray.  The pipe contained burnt residue that smelled of marijuana.  Plaintiff told the CSOs that he was a member of the Rastafarian religion, that he used the pipe for religious purposes, and that a state judge had held that he could "legally possess the pipe for religious purposes."

Defendant Bankey told Plaintiff that the pipe was contraband and not permitted in the federal courthouse, and asked Plaintiff to accompany him to the USMS office to speak with Defendant Deputy Marshall Postudensek.  At the office, Bankey patted Plaintiff's pockets and discovered an empty wooden box, which Plaintiff used to carry his marijuana pipe, and a small plastic bag containing a green vegetative substance that smelled of marijuana.  Plaintiff admitted the substance was marijuana.

Upon Postudensek's instruction, Defendant Bankey escorted Plaintiff through the courthouse while he conducted his business, and then outside.  The USMS retained Plaintiff's marijuana and paraphernalia.

Plaintiff filed suit on March 17, 2005, and amended his Complaint on October 26, 2005.  He claims that the federal drug laws, as applied to him, are unconstitutional because they deny him his freedom of religion under the First Amendment.  See Amended Complaint [#28] p. 5.  Defendants

violated his First Amendment rights or interfered with his ability to freely exercise his religion of Rastafarianism, and recommended that Defendant's motion be granted [#40].  Judge Tunheim adopted the Report and Recommendation [#42] and Bankey has been terminated from the action.

[2]
The facts set forth herein are derived from Plaintiff's Amended Complaint [#28] and the Incident Report prepared by Defendant Bankey, attached as Ex. 3 to Cangemi Dec. [#36].

move to dismiss or for summary judgment, arguing that Deputy Postudensek was never properly served; that Plaintiff fails to state a constitutional violation or a violation of the Religious Freedom Restoration Act; that Deputy Postudensek is entitled to qualified immunity; and that this Court lacks jurisdiction under the Federal Tort Claims Act.  Plaintiff filed no memorandum in response to Defendants' motion, and did not appear at the motion hearing.

## II.  LEGAL ANALYSIS

### A.     Standard of Review

Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  In the alternative, they move for summary judgment pursuant to Federal Rule of Civil Procedure 56.

A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted).  In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts.  See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

Where a party submits matters outside of the pleadings for the court's consideration, the

court may, in its discretion, convert the motion to dismiss under Rule 12(b)(6) to one for summary judgment under Rule 56 and consider the matters outside the pleadings. See Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002); Hamm v. Rhone-Poulenc Rorer Pharmaceutical Inc., 176 F.R.D. 566, 570 (D.Minn.1997). Here, Defendants have submitted an Affidavit in support of its motion. The Court will consider that evidence and treat Defendants' motions as a motion for summary judgment.

Summary judgment is proper if, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that the material facts in the case are undisputed. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence, and the inferences which may reasonably be drawn from it, in the light most favorable to the nonmoving party. See Graves v. Arkansas Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000).

Pro Se pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n. 3 (8th Cir. 1984). Although it is to be liberally construed, a pro se complaint must still contain specific facts to support its conclusions. Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981).

**B.      Defendant Deputy Postudensek Should Be Dismissed for Insufficient Service of Process**

Defendants move to dismiss the counts against Deputy Postudensek because he was never served. See Def. Mem. p. 9. Properly effected service of process is a fundamental element to any

lawsuit.  <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999).  Defects in service of process are jurisdictional in nature.  If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.  <u>Printed Media Services, Inc. v. Solna Web, Inc.</u>, 11 F.3d 838, 843 (8th Cir. 1993) (citations omitted); <u>Lewis v. Contracting Northwest, Inc.</u>, 413 N.W.2d 154, 157 (Minn. App. 1987).

Under Rule 4(i)(1) and Rule 4(1)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff was required to effect service upon the federal Defendants by (1) delivering a copy of the summons and complaint to the United States Attorney for the District of Minnesota; (2) sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States; and (3) by serving the individual federal defendant "in the manner prescribed" by Rule 4(e) of the Federal Rules of Civil Procedure.  According to Defendants, Plaintiff never served the Attorney General, or Deputy Postudensek.  <u>See</u> Cangemi Dec. [#36].  Plaintiff offers no proof of proper service.  Accordingly, all claims alleged against Postudensek should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5), for Plaintiffs' failure to comply with Federal Rule of Civil Procedure 4.

### C.      Plaintiff's Claim Should Be Dismissed For Failure to State a First Amendment Violation

#### 1.      Constitutional Claim

Plaintiff alleges that Defendants violated his First Amendment rights when Deputy Postudensek and the CSOs confiscated his marijuana and paraphernalia.  The First Amendment states in part, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  To state a claim under the First Amendment, Plaintiff must show that the seizure of his marijuana and paraphernalia constituted a prohibition upon his ability to freely

exercise his chosen religion of Rastafarianism.

Plaintiff is unable to show that the seizure constitutes a violation of his First Amendment rights under the United States Constitution.  See Employment Div., Dept. of Human Resources v. Smith, 494 U.S. 872 (1990).  In Smith, the respondents were terminated from their employment and denied unemployment benefits because they ingested peyote for sacramental purposes during a religious ceremony.  Id. at 874.  The Oregon Supreme Court held that the prohibition against the use of peyote for religious purposes was invalid under the Free Exercise Clause of the First Amendment to the United States Constitution.  Id. at 875-76.  The United States Supreme Court reversed, and held that neutral laws of general applicability that have the effect of burdening religious practices do not violate the Free Exercise Clause, and need not be supported by a compelling governmental interest.  Id. at 883-85.  Here, Congress has classified marijuana as a Schedule I controlled substance under the Controlled Substances Act.  See 21 U.S.C. § 812(b)(1)(A)-(C).[3]  Because the Controlled Substance Act is a religiously neutral law of general applicability, Plaintiff's constitutional claim fails under Smith.

### 2.    RFRA Claim

After Smith, Congress enacted the Religious Freedom Restoration Act ("RFRA") to restore the compelling interest standard that existed under First Amendment law prior to Smith.  See 42 U.S.C. § 2000bb(b)(1).  As passed, the RFRA prohibited any government, state or federal, from substantially burdening a person's exercise of religion, even if the burden resulted from a rule of general applicability, unless it were in furtherance of a compelling governmental interest and the

---

[3] The Controlled Substances Act, 21 U.S.C. § 801, et seq., is the only specific law Plaintiff cites as being unconstitutional. See Amended Complaint p. 5.

least restrictive means to advance that compelling interest.  See Alsbrook v. City of Maumelle, 184 F.3d 999, 1014 (8th Cir. 1999).

As an initial matter, a person claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief.  See RFRA, 42 U.S.C. § 2000bb-1 (1994); Ochs v. Thalacker, 90 F.3d 293, 296 (8th Cir. 1996) (RFRA analysis); Brown v. Polk County, Iowa, 61 F.3d 650, 656, 660 (8th Cir.1995) (non-RFRA analysis).  Only after the plaintiff first fulfills this duty must the government prove that its policy is the least restrictive means to further a compelling governmental interest.  Weir v. Nix, 114 F.3d 817, 820 (8th Cir. 1997).

Here, Plaintiff offers no attempt to demonstrate that the government's action imposed a substantial burden on his sincere exercise of religion.  He has therefore failed to state a claim for relief under the RFRA.

Moreover, the Court concludes that the government had a compelling interest in prohibiting Plaintiff from entering the courthouse while in possession of marijuana, and protected that interest by the least restrictive means possible.  The government has a compelling interest in the uniform enforcement of drug laws to prevent harm to the public health and safety.  In enacting the Controlled Substances Act, 21 U.S.C. §§ 801, et seq., Congress stated that "the illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare of the American people."  21 U.S.C. § 801(2).  Congress' inclusion of marijuana as a Schedule I controlled substance makes it clear that marijuana is a serious threat to public health and safety.  See 21 U.S.C. § 812(b)(1)(A)-(C).  The government has a proper and compelling interest in forbidding the use of marijuana.  See

United States v. Israel, 317 F.3d 768, 771-72 (7th Cir. 2003) (government had compelling interest in enforcing drug laws, so that condition of supervised release that Rastafarian defendant abstain from marijuana use did not violate his rights under the RFRA).

Here, Plaintiff attempted to enter the courthouse in possession of a controlled substance and drug paraphernalia. See 40 U.S.C. § 1315(c); 21 U.S.C. §§ 841 and 844(a); 41 C.F.R. § 102-74.400(a) ("all persons entering in or on Federal property are prohibited from...possessing...marijuana"). The CSOs and Deputy Postudensek were justified in applying the Controlled Substance Act and applicable regulations, confiscating Plaintiff's marijuana and paraphernalia, and restricting his access to the courthouse. Defendants' actions were reasonably related to courthouse security. Plaintiff has failed to establish a claim under the RFRA, and his Complaint should be dismissed.[4]

### III.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion for Summary Judgment [#32] be **GRANTED.**

DATED: March 29, 2006                        s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 17, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection

---

[4]

Because the Court concludes that the claims against Deputy Postudensek should be dismissed for improper service, and that Plaintiff fails to state a claim for a First Amendment violation, it does not address Defendants' arguments that Deputy Postudensek is entitled to qualified immunity, or that this Court lacks jurisdiction under the Federal Tort Claims Act.

is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **April 17, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.