## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| DENNIS LARSON LOOP, | Civil. No. 05-575 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, UNITED STATES MARSHAL'S SERVICE, and DEPUTY UNITED STATES MARSHAL MARK POSTUDENSEK, | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendants. | |

Dennis Larson Loop, 3245 42nd Avenue South, Minneapolis, MN 55406, *pro se* plaintiff.

Patricia R. Cangemi, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Plaintiff Dennis Larson Loop has brought this lawsuit against the United States, the United States Marshal's Service, Deputy United States Marshal Mark Postudensek, and Russ Bankey.[1]  Plaintiff argues that his freedom of religion was violated when his brass marijuana pipe, wooden marijuana case, and a small amount of marijuana were seized as he entered the federal courthouse in Minneapolis, Minnesota on March 10, 2005.  The federal defendants have filed a motion to dismiss, or in the alternative, for

---

[1] Bankey was terminated from this action after this Court granted his motion to dismiss in an Order dated December 14, 2005.  *See* Docket No. 42.

summary judgment.[2]   Following a hearing, United States Magistrate Judge Franklin L. Noel recommended granting the motion.  This matter is now before the Court on Loop's objections to the Report and Recommendation.  The Court conducted a *de novo* review of Loop's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and for the reasons set forth below, overrules Loop's objections and adopts the Report and Recommendation.

## BACKGROUND

Plaintiff Dennis Larson Loop alleges that on March 10, 2005, he entered the federal courthouse to check the status of a pending case.  Upon entering, he proceeded to the metal detectors in the courthouse lobby security checkpoint.  He knew that his brass marijuana pipe would set off the detector, so he put it in the bypass tray along with his other metal items.  Loop told the court security officers that he was a member of the Rastafarian religion, he used the pipe for religious purposes, and that a state judge had held that he could legally possess the pipe for religious reasons.

Bankey, a courthouse security officer, told Loop that the pipe was contraband and not permitted in the federal courthouse.  Bankey escorted Loop to the courthouse security office, where Loop met with defendant Deputy United States Marshal Mark Postudensek. Postudensek patted Loop's pockets and discovered Loop's wooden marijuana case and a small bag of marijuana.  The officers seized the marijuana pipe, case, and marijuana. Bankey accompanied Loop while he attended to his court business, and then Bankey

---

[2] Because defendants present an affidavit and other matters outside the pleadings with its motion, the Court treats the motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(c).

escorted him out of the courthouse.  The officers refused to return his marijuana pipe and other items.

Loop filed this lawsuit on March 17, 2005, and amended his complaint on October 26, 2005.[3]

## ANALYSIS

### I.      Standard of Review

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of any reasonable inferences that can be drawn from the facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### II.     Jurisdiction Over Defendant Postudensek

The Magistrate Judge recommended that all claims against Postudensek should be dismissed without prejudice for Loop's failure to serve this defendant.  *See* Fed. R. Civ. P. 12(b)(5); *Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.").

---

[3] In his amended complaint, Loop substituted Bankey for defendant Postudensek.

In his objection, Loop explains that he filed documents with the Court to have Postudensek served properly.  While the court record confirms that Loop submitted the documents, service was not completed because defendant was no longer at the address that Loop provided.  *See* Docket No. 30 (Return of Service Unexecuted).  Accordingly, the Court dismisses the action without prejudice as to Postudensek.[4]  *See* Fed. R. Civ. P. 4(m).  As discussed below, even if Postudensek had been properly served, he would be entitled to summary judgment because Loop's claims against him fail as a matter of law.

## III.    Freedom of Religion

The Magistrate Judge concluded that Loop failed to establish that defendants violated his freedom of religion, either under the First Amendment or the Religious Freedom Restoration Act ("RFRA").  The Court agrees.

Neutral laws of general applicability that have the effect of burdening religious practices do not violate the Free Exercise Clause of the First Amendment.  *Employment Division v. Smith*, 494 U.S. 872 (1990).  The Controlled Substances Act, which classifies marijuana as a Schedule I controlled substance, is a religiously neutral law of general applicability.  21 U.S.C. §§ 801 *et seq*.; *O Centro Espirita Beneficiente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 992 (10th Cir. 2004).  Thus, if Loop is to prevail in his claim

---

[4] Defendant also asserts that plaintiff failed to send a copy of the summons and complaint to the Attorney General of the United States at Washington, District of Columbia.  *See* Fed. R. Civ. P. 4(i)(1)(B).  Plaintiff is pro se and attempted to comply with the Rules by successfully delivering a copy of the summons and complaint to the Office of the United States Attorney in Minneapolis, Minnesota.  *See* Docket No. 12; Fed. R. Civ. P. 4(i)(1)(A).  Because the United States is nevertheless entitled to summary judgment, the Court need not address whether the Court has jurisdiction over the United States in light of plaintiff's failure to fully comply with the Rules.

that seizure of his marijuana pipe and other items by federal defendants violated the free exercise of religion, he must do so on the basis of his claims under the RFRA.

Under the RFRA,[5] the "government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person-- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."   42 U.S.C. § 2000bb-1(b).   A plaintiff establishes a prima facie violation if he can demonstrate (1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion.   *See Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001).   "Once a plaintiff establishes a prima facie claim under RFRA, the burden shifts to the government to demonstrate that 'application of the burden' to the claimant 'is in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.'"   *Id*. at 961-62.

Loop is a Rastafarian, and he asserts that marijuana has religious significance to him.   Specifically, he explains that smoking marijuana is Rastafarian Communion.   He believes that "like bread and wine are the body and blood of Christ, marijuana is the 'spirit' of Christ."   He considers his brass marijuana pipe and his wooden marijuana case to be his "church."   As evidence of the legitimacy of his beliefs, Loop points to a state court order issued on September 18, 1992.   This order states that Loop has "genuine

_____

[5] The Eighth Circuit has concluded that the portion of RFRA applicable to federal law is constitutional.   *Christians v. Crystal Evangelical Free Church (In re Young)*, 141 F.3d 854, 863 (8th Cir. 1998).

religious beliefs" and that a pipe seized by the Minneapolis police has "religious significance" to Loop, and ordered that the police return the pipe to Loop.

Marijuana appears essential to Loop's sincere exercise of the Rastafarian religion. *See United States v. Bauer*, 84 F.3d 1549, 1556-57 (9th Cir. 1996) (Rastafarianism "is among the 1,558 religious groups sufficiently stable and distinctive to be identified as one of the existing religions in this country . . . . Functionally, marijuana . . . operates as a sacrament with the power to raise the partakers above the mundane and to enhance their spiritual unity."); *see United States v. Israel*, 317 F.3d 768, 770 (7th Cir. 2003) (assuming that laws against drug use and laws concerning supervised release programs had the effect of burdening a Rastafarian defendant's free exercise of his religious beliefs). However, the Court concludes that Loop has not sufficiently explained how he was substantially burdened by the specific actions of the federal defendants.

The federal defendants seized his marijuana pipe and other items only after he brought them into the federal courthouse.  Loop explains that he usually does not bring his marijuana pipe and other items with him when he visits the courthouse because he has "realized that in a practical sense, it would be less trouble to leave my 'church' at home, or someplace else, before entering the Federal Courthouse."  Indeed, Loop has made no showing that he would be substantially burdened by having to leave his marijuana pipe and other related items at home during his brief visits to the courthouse.  In addition, because Loop has not asserted that the marijuana pipe and case are irreplaceable, Loop has not been substantially burdened by the seizure of these items by federal defendants.

Accordingly, the Court concludes that the federal defendants are entitled to summary judgment.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 47] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 46].  Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Docket No. 32] is **GRANTED**.

2.      The amended complaint [Docket No. 28] against defendants United States of America and United States Marshal's Service is **DISMISSED WITH PREJUDICE.**

3.      The amended complaint [Docket No. 28] against defendant Mark Postudensek is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:    June 30, 2006                        _____ s/ John R. Tunheim _____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                 United States District Judge